UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| ACHIEVING VISION BUILDERS, LLC, | ) ) ) ) |
| Defendant. | ) |

Case No. 4:25-cv-00229-SRC

**Memorandum and Order**

Plaintiffs—a labor organization, several multi-employer employee-benefit plans covered by ERISA, and fiduciaries of those plans—sue Achieving Vision Builders, LLC for delinquent contributions. Achieving Vision Builders has failed to plead or otherwise defend in any way in this case, so Plaintiffs obtained a Clerk's entry of default and now move for an order compelling an accounting so that they can prove their damages.

**I.     Background**

Achieving Vision Builders entered a collective-bargaining agreement to contribute to the Carpenters' Pension Trust Fund of St. Louis, the St. Louis-Kansas City Regional Health Plan, the St. Louis-Kansas City Regional Annuity Plan, and the St. Louis-Kansas City Carpenters Regional Vacation Plan (collectively, "the Funds"). Doc. 1 at ¶¶ 3, 5. The Funds qualify as employee-benefit and multi-employer plans. *Id.* at ¶ 3; 29 U.S.C. § 1002(3), 37(A). Achieving Vision Builders also agreed to contribute to the St. Louis Construction Training and Advancement Foundation, PRIDE, and other entities, doc. 1 at ¶ 5, none of whom are parties to this case, *see* doc. 1. Mid-America Carpenters Regional Council is a labor organization and employee organization and was "the collective bargaining representative of all employees in its

bargaining units employed by" Achieving Vision Builders. *Id.* at ¶ 2; 29 U.S.C. § 152(5); 29 U.S.C. § 1002(4).

The terms of the CBA required Achieving Vision Builders to contribute to the Funds and the other entities at specified rates, to forward to Mid-America Carpenters "amounts deducted from employees' paychecks as union dues, and to furnish to the Funds'[s] offices a monthly statement showing the total number of regular and overtime hours worked by each employee from which the full amount of contributions and dues owed to the Funds and" Mid-America Carpenters could "be computed." Doc. 1 at ¶ 5  Achieving Vision Builders had to make these payments through a stamp-purchase plan. *Id.* Further, the terms of the agreement bound Achieving Vision Builders "to the trust agreements creating the" Funds, *id.* at ¶ 6, and authorize Mid-America Carpenters, "the trustees, or both to conduct an audit of delinquent and possibly delinquent employers . . . to determine the full amounts owed," *id.* at ¶ 8.

Achieving Vision Builders "has failed and refused to make all obligated contributions to the Funds and to forward to" Mid-America Carpenters "all the deducted dues.  Plaintiffs have demanded appropriate payment, to no avail." *Id.* at ¶ 7.  "Absent an audit and accounting, [P]laintiffs will be unable to determine the full amounts" that Achieving Vision Builders owes them. *Id.* at ¶ 9.

On February 26, 2025, Mid-America Carpenters, the Funds, and several fiduciaries sued Achieving Vision Builders under Section 502 of ERISA, 29 U.S.C. § 1132, and the Taft-Hartley Act, 29 U.S.C. § 185.  *See* doc. 1.  The fiduciaries, whom are also the plan sponsors, are the Board of Trustees of the Carpenters' Pension Trust Fund of St. Louis; the Board of Trustees of the St. Louis-Kansas City Carpenters Regional Annuity Plan; the Board of Trustees of the St. Louis-Kansas City Carpenters Regional Vacation Plan; and the Board of Trustees of the

St. Louis-Kansas City Carpenters Regional Training Fund. *Id.* at ¶ 3; 29 U.S.C. § 1002(16)(B), (21)(A).

Achieving Vision Builders failed to plead or otherwise defend in any way in this case, so Plaintiffs obtained a Clerk's entry of default, doc. 13, and moved for an order compelling Achieving Vision Builders to submit to an accounting, doc. 11. The Court now takes up the motion for an order compelling an accounting.

## II.      Standard

The law disfavors default judgments, and before entering one, a court should satisfy itself that the moving party is entitled to judgment by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir.1993); *Monsanto Co. v. Hargrove*, No. 4:09-CV-1628 (CEJ), 2011 WL 5330674, at *1. (E.D. Mo. Nov. 7, 2011). To obtain a default judgment under Federal Rule of Civil Procedure 55(b), a party must follow a two-step process. First, the party must obtain an entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id.* Once the Clerk enters default, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

Second, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[T]he entry of a default judgment" is "committed to the sound discretion of the district court." *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993) (citing *FTC v. Packers*

3

*Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977) (per curiam)); *see also Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (citations omitted) (reviewing the entry of default judgment for abuse of discretion). Although all well-pleaded facts are deemed admitted upon default, "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citing 10A Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2688 at 63 (3d ed. 1998)).

A party entitled to default judgment must sufficiently prove its damages. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001). A court may not enter default judgment until it ascertains the amount of damages. *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

**III.    Discussion**

The Court begins by considering whether the unchallenged facts constitute legitimate causes of action. *Murray*, 595 F.3d at 871.

Plaintiffs allege a cause of action under section 1132. Section 1132 provides that beneficiaries of employee-benefit plans may sue "to recover benefits due to [them] under the terms of [the] plan," 29 U.S.C. § 1132(a)(1)(B), and that beneficiaries and fiduciaries may sue "(A) to enjoin any act or practice which violates any provision of [section 1132] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [section 1132] or the terms of the plan," 29 U.S.C. § 1132(a)(3). Further, "[a]n employee benefit plan may sue or be sued under [section 1132] as an entity."

4

29 U.S.C. § 1132(d)(1). "In any action under [section 1132] by a fiduciary for or on behalf of a plan to enforce [29 U.S.C. § 1145] in which a judgment in favor of the plan is awarded, the court" must award the plan the following:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of—
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Here, Plaintiffs allege that Achieving Vision Builders did not comply with the CBA by failing to make the required contributions. Doc. 1 at ¶ 7. Plaintiffs seek to recover delinquent contributions, plus liquidated damages and interest; an audit and accounting to determine the precise amount of Achieving Vision Builders's delinquencies; and reasonable attorneys' fees and costs. *Id.* at ¶ 12(a)–(d). Plaintiffs also seek an order requiring Achieving Vision Builders "to specifically perform its contractual obligation to" (1) "submit the required monthly statements"; (2) "make the required contributions"; (3) "pay interest and liquidated damages on the principal amounts it has paid late"; (4) "pay interest and liquidated damages on the principal amounts it . . . may in the future pay late"; and (5) "provide stamps in a timely fashion." *Id.* at ¶ 12(e)–(f). ERISA explicitly requires or permits in the Court's discretion each type of relief that Plaintiffs

request. *See* 29 U.S.C. § 1132(g). Accordingly, the Court holds that Plaintiffs pleaded a valid cause of action under ERISA.

Plaintiffs also allege a claim under the Taft-Hartley Act. The Taft-Hartley Act allows federal courts to hear "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a); *see also Nesse as Trs. of Minn. Laborers Health & Welfare Fund v. Green Nature-Cycle, LLC*, 7 F.4th 769 (8th Cir. 2021) (affirming a district court's grant of summary judgment in favor of trustees on their claims under ERISA and the Taft-Hartley Act); Default Order and Judgment, *Painters Dist. Council Co. No. 58 v. Tactical Indus. Coatings, LLC*, No. 4:23-cv-00713-SRC (E.D. Mo. Oct. 26, 2023), doc. 19 (granting a motion for default judgment on ERISA and Taft-Hartley Act claims). Here, Mid-America Carpenters, which represents Achieving Vision Builders's employees, alleges that Achieving Vision Builders violated the CBA by failing to make required contributions, forward union dues, and furnish monthly statements regarding the number of hours that the employees worked. Doc. 1 at ¶ 5. The carpenters' industry certainly affects commerce. Accordingly, the Court holds that Plaintiffs have pleaded a valid cause of action under the Taft-Hartley Act.

As explained, Plaintiffs have pleaded two valid causes of action. Because Achieving Vision Builders did not comply with the terms of the CBA, Plaintiffs cannot prove damages for their claims. Specifically, the Court finds that Plaintiffs cannot prove the amount of contributions that Achieving Vision Builders failed to make between August 1, 2023, and April 21, 2025—the date on which Plaintiffs filed their motion seeking an order compelling an accounting. Doc. 11; doc. 12-1 at ¶¶ 7–8 (stating under oath that "[a]bsent an audit for the period of August 1, 2023[,] to the present," an accountant will not be able "to determine the contributions owed"). The Court therefore orders Achieving Vision Builders to submit to an

6

accounting regarding the contributions that Achieving Vision Builders was required to make under the CBA for the period of August 1, 2023, to April 21, 2025.  29 U.S.C. § 1132(g)(2)(E).  Further, the Court orders Achieving Vision Builders to produce all documents necessary to complete the accounting.  Failure to comply with this order may result in the Court imposing sanctions.

**IV.     Conclusion**

For these reasons, the Court grants Plaintiffs' [11] Motion for Default Order to Compel an Accounting to the extent it seeks an order compelling an accounting for the period of August 1, 2023, to April 21, 2025.  Further, the Court orders that the following schedule and expectations apply in this case.  The Court expects Plaintiffs' counsel to move this case on an expedited basis in accordance with the deadlines below.  The Court will modify this schedule only upon a showing of exceptional circumstances.  The Court orders counsel to review and comply with this order and the undersigned's Judge's Requirements in their entirety.

   A.   The Court notes that counsel has not entered an appearance for Achieving Vision Builders in this case.  Thus, Plaintiffs must serve Achieving Vision Builders with a copy of any order entered by the Court **no later than two days after** the Court enters the order.

   B.   No later than **30 days after the entry of this order granting the motion for an accounting**, Achieving Vision Builders must make all reasonable efforts to locate all documents that the Court ordered Achieving Vision Builders to produce.

   C.   No later than **30 days after the entry of this order granting the motion for an accounting**, Achieving Vision Builders must produce to Plaintiffs all documents that are in Achieving Vision Builders possession, custody, or control that the Court ordered Achieving Vision Builders to produce.

   D.   No later than **seven days after Achieving Vision Builders's deadline to produce the documents**, Plaintiffs must file any motion for contempt regarding Achieving Vision Builders's production of documents.

   E.   No later than **60 days after Achieving Vision Builders's deadline to produce the documents**, Plaintiffs must complete any accounting.

7

    F.      No later than **14 days after the completion of the accounting**, Plaintiffs must file a motion for default judgment seeking damages. Achieving Vision Builders may file a response no later than **seven days after Plaintiffs file the motion**. In response, Achieving Vision Builders must contest only the facts that relate to the amount of Plaintiffs' damages. Plaintiffs may file a reply **no later than seven days after Achieving Vision Builders file a response**.

So ordered this 5th day of May 2025.

                                                  _____
                                                  STEPHEN R. CLARK
                                                  CHIEF UNITED STATES DISTRICT JUDGE